IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| COSME GARCIA-CRUZ, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:14-30072 |
| BART MASTERS, Warden, | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss as Moot" (Document No. 10), filed on June 29, 2015. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Respondent in moving to dismiss. (Document No. 11.) Petitioner failed to file a Response to Respondent's Motion. Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's Motion should be granted.

**PROCEDURE AND FACTS**

On December 17, 2014, Petitioner, acting *pro se*, filed his Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) In his Petition, Petitioner alleges that his due process rights were violated during a disciplinary action causing a loss of good time credit. (Id.) Specifically, Petitioner argues that "sanctions were imposed

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

by an unauthorized official." (Id.) Petitioner explains that he was sanctioned by Discipline Hearing Officer ["DHO"] A. Zarate, who "was unauthorized to impose the sanction because he was not an officer of the BOP or the Federal Corporation." (Id., p. 7.) Petitioner further argues that the disallowance of 71 days good time credit was not an official sanction in Petitioner's particular case. (Id.) As relief, Petitioner requests that the Court "fully restore the disallowance of 71 days to Petitioner, as soon as possible." (Id., p. 8.)

As Exhibits, Petitioner attaches the following: (1) A copy of his "Rejection Notice" dated February 19, 2013, from the Administrative Remedy Coordinator of the Privatization Management Branch (Id., p. 10.); (2) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated February 8, 2013 (Id., p. 11.); and (3) A copy of the Discipline Hearing Officer Report dated January 11, 2013 (Id., pp. 12 - 15.).

By Order entered on January 28, 2015, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 5.) On April 16, 2015, Respondent filed his Response to the Order to Show Cause. (Document No. 9.) Respondent argues that Petitioner's Petition should be denied because his claim is moot. (Id.) Respondent explains that Petitioner complains that he was improperly sanctioned by a DHO, who was employed by a private corporation instead of the BOP. (Id.) Respondent notes that "Petitioner's Incident Report is pending a rehearing by a BOP DHO." (Id.) Respondent argues that Petitioner's Petition should be dismissed as moot based upon "the fact that the incident report will be reheard." (Id.) As an Exhibit, Respondent attaches the Declaration of Sarah Lilly. (Document No. 9-1.)

On June 29, 2015, Respondent filed his "Motion to Dismiss as Moot." (Document No. 10.)

2

Specifically, Respondent contends that Petitioner's Petition should be dismissed as moot because (1) a rehearing was conducted before a BOP DHO, and (2) Petitioner was released from custody on May 11, 2015. (Id.) As Exhibits, Respondent filed the following: (1) A copy of the Declaration of Sharon Wahl (Document No. 10-1, p. 2.); (2) A copy of Petitioner's "Inmate Discipline Data Chronological Disciplinary Record" (Id., p. 3.); and (3) A copy of the a BOP Inmate Locator Report indicating Petitioner's release from custody on May 11, 2015 (Id., p. 4.).

On June 30, 3015, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's "Motion to Dismiss as Moot." (Document No. 11.) Petitioner did not file a Response to Respondent's above Motion.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.

Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss as Moot" (Document No. 10.), **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on May 11, 2015.

6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: September 25, 2015.

R. Clarke VanDervort
United States Magistrate Judge